**United States District Court**
For the Northern District of California

1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6

7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    KIBBY ROAD, LLC,                              No. C 13-01200 WHA

10                Plaintiff,

11        v.                                       **ORDER GRANTING**
                                                   **MOTION TO REMAND**
12   VALERIE J. ROUSSET, JEAN-PAUL
     ROUSSET, and DOES 1 to 10,
13

14                Defendants.
                                            /
15

16        Plaintiff Kibby Road, LLC, filed this unlawful detainer action in Contra Costa County

17   Superior Court, Case No. CS12-0927.  Pro se defendant Valerie Rousset removed this action on

18   March 18, 2013.  Plaintiff filed a motion to remand this action back to state court.  As

19   defendant's opposition or statement of non-opposition was not timely filed, an order issued

20   setting a briefing schedule and warning the parties that failure to timely respond to the motion to

21   remand could result in the motion being granted.  As no response was received, a second order

22   issued ordering defendant to show cause why the action should not be remanded.  That deadline

23   has also passed, and no response has been received.  For the reasons stated below, the motion to

24   remand is **GRANTED**.

25        Unlike state courts, federal courts are courts of limited jurisdiction.  Federal courts have

26   subject matter jurisdiction only over cases or controversies that the United States Constitution

27   and Congress authorize them to adjudicate.  A court must dismiss an action "if the court

28   determines at anytime that it lacks subject-matter jurisdiction."  FRCP 12(h)(3).  A defendant

     may remove a civil action from state court to federal court based on either federal question or

1  diversity jurisdiction. "The presence or absence of federal-question jurisdiction is governed by

2  the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a

3  federal question is presented on the face of the plaintiff's properly pleaded complaint."

4  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he existence of a defense based upon

5  federal law is insufficient to support [federal] jurisdiction." *Wayne v. DHL Worldwide Express*,

6  294 F.3d 1179, 1183 (9th Cir.2002) (citation omitted).

7         Defendant contends that a federal question exists because plaintiff has allegedly failed to

8  comply with the federal Protecting Tenants at Foreclosure Act of 2009.  Defendant's attempt to

9  raise a federal defense does not create original federal jurisdiction for removal purposes.

10  Furthermore, plaintiff's complaint alleges only a cause of action for unlawful detainer under

11  California law.  Resolving plaintiff's claim does not depend on resolution of any substantial

12  issues of federal law.

13         For the reasons stated above, the action is **REMANDED TO CONTRA COSTA COUNTY**

14  **SUPERIOR COURT**.

15

16         **IT IS SO ORDERED.**

17

18  Dated:  June 10, 2013.

19  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

2

**United States District Court**
For the Northern District of California