IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIBBY ROAD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VALERIE J. ROUSSET, JEAN-PAUL ROUSSET, and DOES 1 to 10, <br><br> Defendants. | No. C 13-01200 WHA <br><br> **ORDER GRANTING MOTION TO REMAND** |

Plaintiff Kibby Road, LLC, filed this unlawful detainer action in Contra Costa County Superior Court, Case No. CS12-0927. Pro se defendant Valerie Rousset removed this action on March 18, 2013. Plaintiff filed a motion to remand this action back to state court. As defendant's opposition or statement of non-opposition was not timely filed, an order issued setting a briefing schedule and warning the parties that failure to timely respond to the motion to remand could result in the motion being granted. As no response was received, a second order issued ordering defendant to show cause why the action should not be remanded. That deadline has also passed, and no response has been received. For the reasons stated below, the motion to remand is **GRANTED**.

Unlike state courts, federal courts are courts of limited jurisdiction. Federal courts have subject matter jurisdiction only over cases or controversies that the United States Constitution and Congress authorize them to adjudicate. A court must dismiss an action "if the court determines at anytime that it lacks subject-matter jurisdiction." FRCP 12(h)(3). A defendant may remove a civil action from state court to federal court based on either federal question or

diversity jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir.2002) (citation omitted).

Defendant contends that a federal question exists because plaintiff has allegedly failed to comply with the federal Protecting Tenants at Foreclosure Act of 2009. Defendant's attempt to raise a federal defense does not create original federal jurisdiction for removal purposes. Furthermore, plaintiff's complaint alleges only a cause of action for unlawful detainer under California law. Resolving plaintiff's claim does not depend on resolution of any substantial issues of federal law.

For the reasons stated above, the action is **REMANDED TO CONTRA COSTA COUNTY SUPERIOR COURT**.

**IT IS SO ORDERED.**

Dated: June 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE